IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALYSSA DOWLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-103 |
| | ) | |
| ERIC KOMITEE, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION**

---

Plaintiff commenced the above-captioned case *pro se* and has requested permission to proceed *in forma pauperis* ("IFP"). Having considered Plaintiff's IFP motion, the Court **GRANTS** the request to proceed IFP, for the purpose of dismissal only. (Doc. no. 2.)

I.     **Screening the Complaint**

       A.     **Background**

Because Plaintiff is proceeding IFP, the complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

Plaintiff alleges without any elaboration: "Claim: Defendant displayed discrimination. Fact: ERIC KOMITEE failed to show due respect." (Doc. no. 1, p. 1.) Plaintiff then requests "relief that is just and proper," and "requests a chance to amend the Complaint before the dismissal." (Id.)

**B.      Discussion**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

2

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's allegations fail to state any facts that would give rise to jurisdiction or any type of claim. Plaintiff provides no details about how, or in what context, Defendant is alleged to have "displayed discrimination" or "failed to show due respect." Nor does Plaintiff provide any basis upon which federal jurisdiction exists. Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). However, even if there were federal jurisdiction, as the complaint is but "an unadorned, the-defendant-unlawfully-harmed-me accusation" that "tenders 'naked assertions' devoid of 'further factual enhancement,'" it fails to state a claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

Perhaps recognizing the insufficiency of the pleading, Plaintiff includes a generic request "to amend the Complaint before the dismissal," (doc. no. 1), but there are no proposed details regarding the substance of any proposed amendment. See Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (explaining request for leave to amend should either set forth substance of proposed amendment or attach copy of proposed amendment and noting parties should not be allowed to amend without showing how meritless claim could be saved with amendment). "Where a more carefully drafted complaint might state a claim," the Court generally provides one opportunity to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted).

However, an amendment need not be allowed where the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, because Plaintiff offers no details on any proposed amendment, there is no indication that a more carefully drafted complaint might state a claim or that permitting an opportunity to file an amendment in the absence of any inkling of factual detail to support a claim would be anything but futile.  Accordingly, the request to amend prior to dismissal – absent any supporting detail – should be denied.

## II.   Conclusion

For the reasons set forth above, the Court **GRANTS** the request to proceed IFP, for the purpose of dismissal only.  (Doc. no. 2.).  The Court further **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and this civil action be **CLOSED**.

SO ORDERED and REPORTED and RECOMMENDED this 18th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA